## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**JUAN C. MARTINEZ**

**v.**                                                    **C.A. No. 08-345 ML**

**DEPUTY BOYD, ET AL.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Juan C. Martinez, *pro se,* is an inmate at the Adult Correctional Institutions in Cranston, Rhode Island. On September 16, 2008, he filed a Complaint with the Court alleging that he suffers from epilepsy and defendants wrongfully moved him to a cell block where there is inadequate medical surveillance to ensure his safety (Docket # 1). Plaintiff did not, and to date has not, paid a filing fee or filed a motion to proceed *in forma pauperis* with respect to the is action. After more than 120 days had passed since the complaint was filed without an answer or claim having been filed, Chief Judge Lisi issued an order on February 26, 2009 requiring plaintiff to show cause within 15 days of the order why the action should not be dismissed (the "February 26th Order"). Plaintiff failed to respond within the allotted time, and, on March 19, 2009, Chief Judge Lisi ordered the action be dismissed without prejudice.

Presently before the Court is a motion filed by plaintiff entitled "Motion for Extension of Time" (Docket # 6). Plaintiff requests an extension to respond regarding his action. However, as an order dismissing the case has already been issued, this motion will be construed as a motion for reconsideration of a final order pursuant to Rule 60 of the Federal Rules of Civil Procedure (the "Federal Rules"). This motion has been referred to me for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I

1

recommend that plaintiff's motion for reconsideration of the order dismissing his action without prejudice be DENIED.

Federal Rule 60(b) sets forth six reasons to allow relief from a final judgment, order, or proceeding; however, the only relevant reason here would be the catchall - "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).  In his motion, plaintiff states that (i) he did not respond to the February 26th Order because he did not receive the Order and (ii) he served defendants with a waiver of service of summons forms on October 21, 2008 but did not receive a response.

While plaintiff may have a legitimate reason for failing to respond to the February 26th Order, he does not provide good cause in this instance for failing to serve defendants within 120 from the date he filed his Complaint as required by Federal Rule 4(m). Although plaintiff attempted to obtain waivers of service from defendants in this case, defendants are not obligated to waive service. Fed.R.Civ.P. 4(d).  Plaintiff does not suggest he made any other attempt to serve defendants after failing to receive a response from either defendant to the waiver request he sent on October 21, 2008.

Further, relief is not justified here because plaintiff has not been harmed by the order dismissing the action without prejudice.  First, he has not paid the filing fee required to proceed with this case, and thus the dismissal without prejudice does not subject him to a loss of such fee. Second, a review of the Complaint suggests there is no statute of limitations concern that would prevent plaintiff from re-filing the Complaint as a new action.  Third, as defendants have not been served, re-filing the action will not require him to re-serve the defendants, rather, it will restart the 120-day Federal Rule 4(m) time frame within which plaintiff must serve defendants.

Accordingly, I recommend plaintiff's motion for reconsideration be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d).   Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____

Jacob Hagopian
Senior United States Magistrate Judge
April  9, 2009

3